T.C. Memo. 2001-256

UNITED STATES TAX COURT

TIMOTHY JOHN PATTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5892-00.                    Filed September 28, 2001.

Timothy John Patton, pro se.

<u>James R. Turton</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of prosecution pursuant
to Rule 123(b).[1]  By separate notices of deficiency, respondent

_____

  [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

determined the following deficiencies in and additions to
petitioner's Federal income taxes:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1996 | $68,588 | $15,087 | $16,763 | $3,559 |
| 1997 | 21,422 | 4,708 | 5,231 | 1,124 |

## Background

In the notices of deficiency, respondent determined, on the
basis of income reported by third-party payers, that petitioner
failed to report wage income, interest income, capital gains, and
dividend income.  Respondent also determined additions to tax for
failure to timely file, failure to pay, and failure to make
estimated tax payments.

On May 25, 2000, petitioner invoked the jurisdiction of this
Court by timely filing a petition.  At the time he filed the
petition, petitioner resided in Big Sandy, Texas.

In the petition, petitioner averred that respondent had
failed to offer a complete, proper, and timely response to his
correspondence, failed to provide documents showing petitioner
"is made liable for any 'Tax return'", and failed to correctly
compute the deficiency.  Respondent, in the answer, denied the
assignment of errors alleged by petitioner.

On December 18, 2000, in response to respondent's request,
petitioner attended a conference with respondent.  During this
conference, petitioner made it clear that he was aware that the

Internal Revenue Code (the Code) required him to file income tax returns for 1996 and 1997. Petitioner, however, claimed not to be bound by the Code. Petitioner also asserted that he was not subject to the jurisdiction of this Court. Petitioner claimed that during the years in issue he was not a resident of the District of Columbia, and the Code applies only to residents of the District of Columbia. Petitioner refused to discuss his income and expenses for the years in issue.

By notice dated August 30, 2000, the Court set this case for trial at the Court's Dallas, Texas, session beginning February 5, 2001. This notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." Although our standing pretrial order required petitioner to submit a trial memorandum, he never did so.

On January 31, 2001, petitioner filed a motion to dismiss the case on account of newly discovered evidence. We denied petitioner's motion.

On February 12, 2001, this case was called at the Court's trial calendar in Dallas, Texas. Petitioner did not appear. At that time, respondent filed the motion to dismiss for lack of prosecution pursuant to Rule 123(b).

## Discussion

### I. Rule 123(b). Dismissal

The Court may dismiss a case and enter a decision against a

taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. Rule 123(b). Rule 123(b) generally applies in situations where the taxpayer bears the burden of proof.

II. Section 7491. Burden of Proof and Burden of Production

When this case was called for trial, respondent represented that he has the burden of production regarding the additions to tax because the examination in this case began after July 22, 1998, but claimed that he does not bear the burden of proof on any issue in this case. See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 685, 727 (providing that sec. 7491 is applicable to court proceedings arising in connection with examinations commenced after July 22, 1998); sec. 7491(a), (c).

A. The Deficiencies

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.

Petitioner failed to appear and did not introduce any

evidence.  Therefore, we conclude that the burden of proof is not placed on respondent pursuant to section 7491(a).  Accordingly, we sustain respondent's deficiency determinations.

B.    Additions to Tax

Section 7491(c) provides that the Commissioner shall bear the burden of production with respect to the liability of any individual for additions to tax.  To meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose this addition to tax.[2]  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent submitted, and the Court received as evidence, the declaration of Revenue Agent Dick Laakso, a letter dated December 26, 2000, from petitioner to the Internal Revenue Service (IRS), copies of several checks for the years in issue from Texas College at Tyler payable to petitioner, two personnel action forms listing petitioner as an assistant professor of business and the annual salary he received ($35,000 in 1996 and $36,050 in 1997), petitioner's Forms W-2, petitioner's transcript

---

[2]  We do not decide herein whether the Commissioner could meet the burden of production if he did not produce any evidence when the taxpayer failed to appear for trial.  For example, it might be possible for the Commissioner to satisfy the burden of production under sec. 7491(c) without presenting any evidence if the answer contained "well-pleaded facts".  Smith v. Commissioner, 91 T.C. 1049, 1056-1057, 1058-1059 (1988), affd. 926 F.2d 1470 (6th Cir. 1991).  We, however, leave that decision for another day.

of account listing Forms 1099B, 1099S, 1099DIV, and 1099INT received by the IRS for 1996 and 1997, and several other documents listing dividends and capital gains received by petitioner in 1996 and 1997.

1.  Section 6651(a)(1).  Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Much of the letter from petitioner to the IRS, submitted into evidence by respondent, rambled on about shopworn arguments characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts.  In this letter, petitioner stated:  "For the record, I am a nonfiler for the tax years 1996, 1997 and 1998--the tax years in question. * * *  I did not file the 1040 Label Form".  Additionally, under penalty of perjury, Revenue Agent Laakso swore that respondent's records reflect that petitioner failed to file tax returns for the years in issue.

On the basis of the evidence, we find as a fact that petitioner did not file returns for the years in issue. Petitioner did not present evidence indicating that his failure to file was due to reasonable cause and not due to willful neglect.  See Higbee v. Commissioner, supra at 446-447 (stating

that the taxpayer bears the burden of proof regarding reasonable cause). Accordingly, on this issue, we sustain respondent's determination.

2. Section 6651(a)(2). Failure To Pay

Section 6651(a)(2) provides for an addition to tax where payment of tax is not timely "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Under penalty of perjury, Revenue Agent Laakso swore that respondent's records reflect that petitioner failed to pay income taxes for the years in issue.

Based upon the evidence, we find as a fact that petitioner did not pay his taxes for the years in issue. Petitioner did not present evidence indicating that his failure to pay was due to reasonable cause and not due to willful neglect. See Higbee v. Commissioner, supra at 446-447 (stating that the taxpayer bears the burden of proof regarding reasonable cause). Accordingly, on this issue, we sustain respondent's determination.

3. Section 6654. Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax for failure to pay estimated income tax. Respondent submitted petitioner's Forms W-2 and petitioner's transcript of account listing Forms 1099B, 1099S, 1099DIV, and 1099INT received by the IRS for 1996 and 1997. The forms indicate that no Federal income tax was withheld. On the basis of this evidence and the declaration of

Revenue Agent Laakso, we conclude that respondent has met his burden of production pursuant to section 7491(c) regarding this issue. Thus, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect or that an exception applies. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115; see <u>Higbee v. Commissioner</u>, <u>supra</u> at 447.

Petitioner failed to appear and did not introduce any evidence. Accordingly, on this issue, we sustain respondent's determination.

C. <u>Conclusion</u>

We have sustained all of respondent's determinations. Therefore, we will dismiss the case and enter a decision against petitioner. Rules 123(b), 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.